**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

MICHAEL J. GOINS PLAINTIFF

v. 4:25-cv-00168-KGB-JJV

FRANK BISIGNANO,
Commissioner,
Social Security Administration, DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to Chief United States District Judge Kristine G. Baker. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Michael J. Goins has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits. The Administrative Law Judge (ALJ) concluded he had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers he could perform despite his impairments. (Tr. 13-23.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is relatively young – only forty-seven years old. (Tr. 81.) He testified he was a high school graduate and has past relevant work as a heavy equipment operator and a pole inspector. (Tr. 21.)

The ALJ[1] first found Mr. Goins met the disability eligibility requirements to apply for disability insurance benefits. (Tr. 15.) He has a "severe" impairment in the form of rheumatoid arthritis. (Tr. 16.) The ALJ further found Plaintiff did not have an impairment or combination of

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 17.)

The ALJ determined Mr. Goins had the residual functional capacity (RFC) to perform a reduced range of sedentary work. (*Id.*) Based on his RFC assessment, the ALJ determined Plaintiff could no longer perform his past work, so he utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments. (Tr. 65-71.) Based in part on the testimony of the vocational expert, the ALJ determined he could perform the jobs of order clerk, credit clerk, and document preparer - despite any limitations. (Tr. 22.) Accordingly, the ALJ determined Mr. Goins was not disabled. (*Id.*)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Mr. Goins argues, *inter alia*, that the ALJ's RFC assessment was flawed. (Doc. No. 8 at 5-9.) Plaintiff specifically challenges the ALJ's finding that the opinions of Plaintiff's treating doctors, Brian Blair, M.D., and Swetha Boddeda, M.D., were not persuasive. These doctors completed forms stating that Plaintiff met the requirements of Listing 14.09 and, thus, was disabled. (Tr. 684-686, 728-730.) The ALJ considered this evidence and concluded:

> The January 10, 2024 opinion of Brian Blair, MD, was not persuasive that the claimant met the requirements of listing 14.09 (Exhibit 12F). The opinion was solicited after the hearing while the record was held open for the submission of rheumatology records (Exhibit 13F) by the claimant's representative and was written in boilerplate terms (the same format was used for the post-hearing opinion of Dr. Boddeda). The opinion is not supported by the medical findings in Dr. Blair's records (Exhibits 6F, 8F, and 11F). Further, Dr. Blair's opinion dated November 9, 2022, on the claimant's functioning (Exhibit 7F) was an overstatement of the

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

> claimant's limitations and not supported by Dr. Blair's patient records (Exhibits 6F, 8F, and 11F). Moreover, the opinions are not consistent with the objective record as a whole, as discussed above in this decision.
>
> The January 24, 2024 opinion of Swetha Boddeda, MD, was not persuasive that the claimant met the requirements of listing 14.09 (Exhibit 14F). The opinion was solicited after the hearing while the record was held open for the submission of rheumatology records (Exhibit 13F) by the claimant's representative and was written in boilerplate terms (the same format was used for the post-hearing opinion of Dr. Blair). The opinion is not supported by the medical findings in Dr. Boddeda's records (Exhibits 6F, 8F, 9F, 10F, and 13F). Moreover, the opinion is not consistent with the objective record as a whole, as discussed above in this decision.

(Tr. 19-20)

After careful consideration of Plaintiff's arguments and the ALJ's opinion, I find the ALJ's assessment is supported by substantial evidence. The forms declaring Mr. Goins to have met the requirements for Listing 14.09 are wholly unpersuasive. (Tr. 684-686, 728-730.) And, as the ALJ found, these "boilerplate" conclusions are not consistent with Drs. Blair and Boddeda's own treatment notes. (Tr. 510-515, 523-545, 555-596, 613-621, 634-635, 641-642, 648, 654-655, 681.)

While Plaintiff's ability to engage in substantial gainful activity is clearly somewhat impacted by his rheumatoid arthritis, there is little evidence to support a conclusion that Mr. Goins is completely disabled. A close review of all of Plaintiff's treatment records reveals nothing that could be considered disabling. Also, the results from diagnostic testing showed normal results or only minor anomalies. (Tr. 409-413, 552-554.) And Plaintiff's work history showed he stopped working for reasons other than issues with his health. (Tr. 360.)

The ALJ's determination that Mr. Goins is capable of performing sedentary work is supported by his own treating physician. Dr. Blair provided an Arthritis Medical Assessment Questionnaire and concluded that Plaintiff was extremely limited. (Tr. 518-522.) But Dr. Blair assessed that Plaintiff was capable of tolerating work stress in a "competitive work environment 8 hours per day 5 days per week." He further noted that Plaintiff had not been trained for a low

stress job because he had been working as a heavy equipment operator that detrimentally impacted his rheumatoid arthritis. (Tr. 519.)

Ultimately, I find the ALJ carefully considered the record and made a supported determination that Plaintiff is not disabled. In coming to this conclusion, the ALJ considered the medical records and the opinions from numerous medical professionals. And in his opinion, the ALJ fairly set out the rationale for his conclusions. (Tr. 13-23.)

Plaintiff has made other arguments that I have considered and find to be without merit. (Doc. 8 at 9-13.) There is substantial evidence to support the Commissioner's decision. Plaintiff had the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff's counsel has done an admirable job advocating for his rights here. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this

case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 15th day of July 2025.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE